## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 24/7 RESTORATION SPECIALISTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY YOUNG,<br><br>Defendant. | CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiff, 24/7 Restoration Specialists, LLC ("24/7"), submits the following Complaint against defendant, Zachary Young.

### PARTIES

1. 24/7 is a Texas limited liability company with its headquarters and principal place of business in Texas, located at 1626 Oak Tree Drive, Suite A, Houston, Texas 77080. The members of 24/7 are all natural persons who are citizens of Texas.

2. Mr. Young is an individual and citizen of Louisiana who resides in Luling, Louisiana.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. There is complete diversity between the parties, because 24/7 is a citizen of Texas for diversity purposes, and Mr. Young is a citizen of Louisiana. The amount in controversy, including attorneys' fees authorized by contract and the Louisiana open accounts statute, exceeds $75,000 exclusive of judicial interest and costs.

4.     This Court has general personal jurisdiction over Mr. Young because he is an individual domiciled in the State of Louisiana.

5.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this action took place in this District and the property at issue is located in this District. Additionally, venue is also proper under 28 U.S.C. § 1391(b)(1) because Mr. Young resides in the Eastern District of Louisiana.

**FACTUAL BACKGROUND**

6.     24/7 provides water damage mitigation services to property owners whose property has been damaged by water. This includes removing or drying water-damaged elements of buildings to prevent further damage from occurring.

7.     After the passage of Hurricane Ida, Mr. Young authorized 24/7 to perform water damage mitigation services at a residential property owned by Mr. Young and located at 200 Brooklyn Street in Luling, Louisiana ("Brooklyn Property").

8.     On September 24, 2021, Mr. Young executed a written contract entitled "Authorization for Repairs and Payment," memorializing the parties' agreement and authorizing 24/7 to begin work ("Authorization").

9.     Under the Authorization, Mr. Young authorized 24/7 to proceed with mitigation of water damage to the Brooklyn Property and its contents.

10.    Under the Authorization, Mr. Young agreed that the total cost of 24/7's services would be payable upon completion of the work, and authorized his property insurance company to make payment directly to 24/7.

11.    Mr. Young also agreed to immediately deliver to 24/7 any insurance payments received for the work performed by 24/7. But even if the insurance payments were not sufficient

to fully pay for 24/7's services, Mr. Young agreed to be personally responsible for paying the total cost of all labor and materials for the services performed by 24/7.

12. The Authorization provides that any unpaid invoice for services will bear interest at 18% per year.

13. The Authorization further requires Mr. Young to pay for all costs incurred by 24/7 to collect the unpaid amount, including reasonable attorneys' fees.

14. Upon execution of the Authorization, 24/7 immediately began working on the Brooklyn Property. 24/7 engaged labor and purchased materials and supplies to perform the work and completed the work as agreed. The Brooklyn Property sustained extensive storm and water damage, all of which 24/7 removed and mitigated as authorized by the Authorization.

15. Mr. Young accepted 24/7's work, and on October 26, 2021, he signed a written Certificate of Completion and Satisfaction, confirming that all water damage mitigation services provided by 24/7 were completed to his "entire satisfaction."

16. On or about October 30, 2021, 24/7 invoiced Mr. Young for the work it performed in the amount of $62,108.92, with a courtesy copy to Mr. Young's property insurer. After several weeks, Mr. Young emailed 24/7 and disputed several items of the invoice, demanding a reduction of the invoice. In good faith and to satisfy Mr. Young, on November 21, 2021, 24/7 agreed to certain adjustments to the invoice, bringing the total invoiced amount to $59,105.44.

17. Despite repeated attempts at amicable resolution of the dispute, as of the date of filing this Complaint, Mr. Young has made no payments toward the amount owed.

## FIRST CAUSE OF ACTION—BREACH OF CONTRACT

18. 24/7 incorporates by reference the allegations of Paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. The Authorization is a valid and enforceable contract. 24/7 complied with all terms of the Authorization and performed the services requested by Mr. Young and necessary to mitigate water damage to his property.

20. Mr. Young's failure to make payment for the services provided by 24/7 is a breach of the Authorization. This breach is ongoing.

21. As an actual and proximate result of Mr. Young's breach of the Authorization and continued failure to pay as agreed, 24/7 is entitled to damages in the amount of $59,105.44

22. 24/7 is also entitled to recovery of contractual interest of 18% per year on all unpaid amounts due. This interest continues to accrue until the full contractual amount is paid.

23. In addition, because 24/7 has been forced to initiate this litigation to collect the amounts owed to it under the Agreement, 24/7 is entitled by contact to recover its attorneys' fees in an amount to be determined at trial. Based on the nature of this litigation, these attorneys' fees are anticipated to cause the amount in controversy to exceed $75,000.

## SECOND CAUSE OF ACTION —SUIT ON OPEN ACCOUNT

24. 24/7 incorporates by reference the allegations of Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. The outstanding amount past due under the Agreement is an "open account" as that term is used in La. Rev. Stat. § 9:2781.

26. On March 31, 2022, counsel for 24/7 sent Mr. Young a written demand correctly setting forth the amount owed as of that date.

27. Mr. Young has not paid any amounts due within 30 days of March 31, 2022.

28. Under La. Rev. Stat. § 9:2781, in addition to the full amount owed under the Agreement, 24/7 is entitled to reasonable attorneys' fees incurred for the prosecution and collection of the claim.

### THIRD CAUSE OF ACTION—UNJUST ENRICHMENT

29. 24/7 incorporates by reference the allegations of Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Mr. Young failed to compensate 24/7 for the labor, materials, and other costs incurred by 24/7 in performing the work to the Brooklyn Property. But he has obtained the benefit of that work and, on information and belief, recovered amounts from his property insurer, which he has retained in full.

31. As a result, Mr. Young has been unjustly enriched at the expense of 24/7. In the alternative to the contractual remedies set forth above, Mr. Young is required to compensate 24/7 for the amount of such unjust enrichment under La. Civ. Code art. 2298.

### PRAYER FOR RELIEF

WHEREFORE, 24/7 requests the Court enter judgment in its favor and against the defendant, awarding 24/7:

1. The full invoiced amount of $59,105.44;

2. Contractual interest from the date of invoice until paid;

3. All reasonable attorneys' fees incurred to collect the contractual amount owed;

4. All costs incurred and legal interest recoverable;

5.   Any other legal or equitable relief proper under the circumstances.

Submitted June 24, 2022

                                              Respectfully submitted,

                                              /s/ Thomas M. Flanagan
                                              Thomas M. Flanagan, TA (#19569)
                                              tflanagan@flanaganpartners.com
                                              Laurent J. Demosthenidy (#30473)
                                              ljd@flanaganpartners.com
                                              Alixe L. Duplechain (#39167)
                                              aduplechain@flanaganpartners.com
                                              FLANAGAN PARTNERS LLP
                                              201 St. Charles Ave., Suite 3300
                                              New Orleans, LA 70170
                                              Telephone: (504) 569-0235
                                              Facsimile: (504) 592-0251