## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

24/7 RESTORATION SPECIALISTS, LLC            CIVIL ACTION

**VERSUS**            **No. 22-1948**

**ZACHARY YOUNG**            **SECTION I**

### ORDER & REASONS

Before the Court is a motion[1] by defendant Zachary Young ("Young"), pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff 24/7 Restoration Specialists, LLC's ("24/7") complaint. For the reasons that follow, the Court grants the motion in part and grants 24/7 leave to amend its complaint.

### I.      FACTUAL BACKGROUND

As alleged in the complaint, after Hurricane Ida struck southern Louisiana in August 2021, defendant Young "authorized 24/7 to perform water damage mitigation services" for Young's property located in Luling, Louisiana.[2] The parties entered into a written contract which stated that "the total cost of 24/7's services would be payable upon completion of the work,"[3] authorized Young's property insurance provider to pay 24/7 directly,[4] and provided that Young would "be personally responsible for paying the total cost of all labor and materials for the services performed by 24/7" in the event that the insurance payments did not cover the entire cost of the services.[5]

---

[1] R. Doc. No. 5.
[2] R. Doc. No. 1, ¶ 7.
[3] *Id.* ¶ 10.
[4] *Id.*
[5] *Id.* ¶ 11.

24/7 performed the agreed-upon work, and on October 26, 2021, Young "signed a written Certificate of Completion and Satisfaction, confirming that all water damage mitigation services provided by 24/7 were completed to his 'entire satisfaction.'"[6] On October 30, 2021, 24/7 sent Young an invoice for $62,108.92. Young disputed the invoice, and 24/7 agreed to reduce the invoiced amount to $59,105.44.[7] Young made no payments on the invoice.[8]

24/7 then filed this cause of action, invoking this Court's diversity jurisdiction.[9] 24/7 alleges three causes of action: breach of contract,[10] suit on open account,[11] and unjust enrichment.[12] Young seeks dismissal of 24/7's open account and unjust enrichment claims.

---

[6] *Id.* ¶ 15.

[7] *Id.* ¶ 16.

[8] *Id.* ¶ 17.

[9] Neither party has contested that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Pursuant to that statute, diversity jurisdiction is proper where the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. Here, the parties are completely diverse, as 24/7 is an LLC whose members reside in Texas, R. Doc. No. ¶ 1, and Young is a citizen of Louisiana, *id.* ¶ 2. In addition to seeking the value of its services reflected in the invoice, 24/7 seeks attorneys' fees, as allegedly provided for in the contract, *id.* ¶ 13, or alternatively pursuant to the Louisiana open account statute, *id.* ¶ 28. Accordingly, it appears that the amount in controversy likely exceeds $75,000, exclusive of interest and costs. *Martin v. Wood*, No. 10–2595, 2011 WL 4550339, at *5 (E.D. La. Sept. 29, 2011) (Vance, J.) ("[I]t is well-established that statutory penalties and attorney's fees are considered in determining the amount in controversy.").

[10] R. Doc. No. 1, ¶¶ 18–23.

[11] *Id.* ¶¶ 24–28.

[12] *Id.* ¶¶ 29–31.

## II.     STANDARDS OF LAW

### a. Dismissal for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted). In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

## III.   ANALYSIS

### a.  Open Account

Louisiana law defines an open account as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." La. Stat. Ann. § 9:2781(D). The Louisiana open account statute provides for the recovery of attorneys' fees by a plaintiff who prevails on a claim for failure to pay an open account. *Id.* § 9:2781(A). Since the open account statute imposes attorneys' fee awards as a penalty, it must be strictly construed. *Ormet Primary Aluminum Corp. v. Ballast Techs. Inc.*, 436 F. App'x 297, 300–01 (2011).

To distinguish between an open account and an ordinary contract, courts consider factors such as "(1) whether there were other business transactions between the parties; (2) whether a line of credit was extended by one party to the other; (3) whether there are running or current dealings; and (4) whether there are expectations of other dealings." *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 174 (5th Cir. 2007) (applying Louisiana law). The existence of these circumstances tends to favor a finding of an open account. The Louisiana Supreme Court has held, however, that pursuant to the plain language of section 9:2781, "there is no *requirement* that there must be [multiple] transactions between the parties, nor is there any *requirement* that the parties must anticipate future transactions" in order for a relationship to constitute an open account. *Frey Plumbing Co., Inc. v. Foster*, 996 So.2d 969, 972 (La. 2008) (per curiam) (emphases added).

4

This Court has previously noted that the determination of whether an agreement falls under the open account statute often depends on "questions of an agreement's determinacy." *Wood Materials LLC v. Berkley Ins. Co.*, No. 17-10955, 2018 WL 560473, at *3 (E.D. La. Jan. 24, 2018) (Africk, J.). In contrast to a standard contract, an open account "generally leaves undetermined key aspects of the obligation, such as the time period during which the services will be rendered or the total cost of the services for which a party may be liable." *Cong. Square Ltd. P'ship v. Polk*, No. 10–317, 2011 WL 837144, at *5 (E.D. La. Mar. 4, 2011) (Fallon, J.). The Fifth Circuit has noted that an undetermined total cost is "[a] hallmark of an open account." *Ormet Primary Aluminum Corp.*, 436 F. App'x at 301. "In short, 'an open account, as its name indicates, is an account that is open to future modification, one that is left open for ongoing debit and credit entries . . . and that has a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability.'" *Wood Materials*, 2018 WL 560473, at *3 (quoting *Cong. Square*, 2011 WL 837144, at *5) (internal quotations omitted).

Young asserts that 24/7 has failed to allege sufficient facts supporting an open account claim.[13] 24/7 has not alleged that there were additional business transactions between the parties, nor that the parties expected further dealings beyond the water mitigation services allegedly provided. As noted above, however, 24/7 is not required to allege either of those circumstances in order to successfully plead an open account claim. *Frey Plumbing Co.,* 996 So.2d at 972.  24/7 also does not argue that there are

---

[13] R. Doc. No. 5, at 4.

"running or current dealings" between the parties beyond the water mitigation services for which it seeks payment.

Considering the remaining factors, 24/7 argues that it "extend[ed] credit to Mr. Young by engaging labor and purchasing supplies and materials with the understanding that Mr. Young would pay for them on completion."[14] A contractor relationship in which the contractor "purchase[s] all of the materials and perform[s] the labor necessary" and sends a bill upon completion can fall under the open account statute. *Hayes v. Taylor*, 812 So.2d 874, 878 (La. Ct. App. 2002); *accord SBL Constr., LLC v. Eymar*, 289 So.3d 1079, 1082 (La. Ct. App. 2019) (citing *R.L. Drywall, Inc. v. B&C Elec., Inc.*, 2013-1592, 2014 WL 3559390, at *1 (La. Ct. App. May 2, 2014)).

24/7 has also alleged "that the total cost of 24/7's services would be payable upon completion of the work."[15] The complaint does not state whether the alleged agreement defined how the cost of 24/7's services was to be calculated, nor whether the agreement defined the scope of the work to be performed. *See SBL Constr.*, 289 So.3d at 1082 (affirming trial court's determination that a construction agreement in which the parties agreed upon a per-foot price for construction of a bulkhead but did not determine the total length of the project in advance was an open account). The complaint further does not state what, if any, timeframe was set for completion of the allegedly agreed-upon services. *See Cong. Square*, 2011 WL 837144, at *5.

---

[14] R. Doc. No. 7, at 4 (citing R. Doc. No. 1, ¶ 14).
[15] R. Doc. No. 1, ¶ 10.

In sum, 24/7 has alleged that the parties entered into a single agreement for 24/7 to perform water mitigation services at Young's property and that 24/7 incurred costs of materials and labor for which it billed Young upon completion of the project. On balance, the Court is not convinced that 24/7 has adequately alleged a cause of action pursuant to the open account statute. Accordingly, the Court will grant 24/7 leave to amend its complaint. If the amended complaint does not set forth allegations supporting the open account claim, Young may re-urge his motion to dismiss.

### b. Unjust Enrichment

Louisiana Civil Code Article 2298 provides that "[a] person who has been enriched without cause at the expense of another person is bound to compensate that person," and specifies that an unjust enrichment remedy "shall not be available if the law provides another remedy for the impoverishment." To maintain a claim for unjust enrichment pursuant to Louisiana law, a plaintiff must show (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) an absence of justification for the enrichment and impoverishment, and (5) the unavailability of any other remedy at law available to the plaintiff. *Max Foote Constr. Co., LLC v. MWH Constructors, Inc.*, No. 18-2584, 2018 WL 5297744, at *7 (E.D. La. Oct. 25, 2018) (Ashe, J.) (quoting *Baker v. Maclay Props. Co.*, 648 So.2d 888, 897 (La. 1995)).

Here, Young asserts that 24/7's unjust enrichment claim should be dismissed because 24/7 has "another remedy at law"—namely, its breach of contract claim.[16] In

---

[16] R. Doc. No. 5, at 6.

response, 24/7 asserts that dismissal of its unjust enrichment claim would be "premature" because "[t]he mere fact that 24/7 has pleaded a breach of contract does not conclusively establish that an available contractual or legal remedy exists."[17]

Federal Rule of Civil Procedure 8 generally allows parties to plead inconsistent or alternative causes of action. Fed. R. Civ. P. 8(d)(2). Decisions by the Louisiana Supreme Court and the U.S. Court of Appeals for the Fifth Circuit indicate, however, that a plaintiff may not plead unjust enrichment in the alternative when the law provides an alternative remedy, even when the plaintiff does not succeed on the alternative remedy. *Walters v. MedSouth Record Mgmt., LLC*, 38 So.3d 243, 244 (La. 2010) ("The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment."); *Ferrara Fire Apparatus, Inc. v. JLG Inds., Inc.*, 582 F. App'x 440, 443–44 (5th Cir. 2014) ("The important question is whether another remedy is available, not whether the party seeking a remedy will be successful."). The Louisiana Supreme Court has also held, however, that where a contract "is an absolute nullity" a plaintiff may have a cause of action for unjust enrichment, because there is no contractual cause of action to assert. *Baker*, 648 So.2d, at 897.

This Court has previously held that, "until the validity of [an] alleged contract can be determined," an unjust enrichment claim "should not be dismissed on the ground that [the plaintiff] has 'another available remedy.'" *Perez v. Utility Constructors*, No. 15-4675, 2016 WL 5930877, at *2 (E.D. La. Oct. 12, 2016) (Africk,

---

[17] R. Doc. No. 7, at 5.

J.). In so holding, the Court noted that "a plaintiff cannot plead a remedy into existence" and "[t]he law does not provide another remedy merely because a plaintiff claims that it does." *Id.* In *Perez*, the Court held that, because it could not determine whether there was a valid contract between the parties, the unjust enrichment claim should be allowed to proceed past the summary judgment stage. *Id.* In contrast, this Court has held that, where a defendant has conceded the validity of a contract between the parties, the plaintiff has another adequate remedy at law and may not plead a cause of action for unjust enrichment. *Wood Materials*, 2018 WL 560473, at *5–6.

Here, defendant's motion and reply in support of his motion indicate that he plans to contest the validity of the contract. In his motion to dismiss, Young does not explicitly assert that the contract is unenforceable, but he simultaneously "does not concede the validity of any of Plaintiff's allegations and causes of action" and "expressly reserv[es] all defenses, counterclaims, and further responsive pleadings."[18] In his reply in support of his motion, Young references an "anticipated affirmative defense that there was no valid 'agreement' or 'contract.'"[19] Young cannot convincingly assert both that 24/7 has an adequate remedy at law in the form of a breach of contract claim and also that there is no contract between the parties. Therefore, because the Court cannot, at this stage, determine the validity of the

---

[18] R. Doc. No. 5-1, at 1.
[19] R. Doc. No. 10, at 4.

alleged contract, the motion to dismiss 24/7's unjust enrichment claim will be denied. *Perez*, 2016 WL 5930877, at *2.

Accordingly,

**IT IS ORDERED** that 24/7 may file an amended complaint setting forth further factual allegations in support of its open account claim no later than **OCTOBER 19, 2022**.

**IT IS FURTHER ORDERED** that Young's motion to dismiss 24/7's open account claim is **DISMISSED WITHOUT PREJUDICE**, reserving his right to re-urge the motion.

**IT IS FURTHER ORDERED** that Young's motion to dismiss is **DENIED** as to 24/7's unjust enrichment claim.

New Orleans, Louisiana, October 5, 2022.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**