UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 24/7 RESTORATION SPECIALISTS, LLC | CIVIL ACTION |
| VERSUS | No. 22-1948 |
| ZACHARY YOUNG | SECTION I |

## ORDER & REASONS

Before the Court is a motion[1] by defendant Zachary Young ("Young"), pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff 24/7 Restoration Specialists, LLC's ("24/7") claim for suit on open account. For the reasons that follow, the Court denies the motion.

### I. FACTUAL BACKGROUND

The Court has previously recounted the facts giving rise to this case in its order and reasons granting in part and denying in part Young's motion to dismiss 24/7's original complaint, and therefore does so only briefly here.

24/7 claims that Young has failed to pay for water mitigation services that 24/7 performed after Hurricane Ida at a property Young owns.[2] In 24/7's original complaint, it stated three causes of action: breach of contract, suit on open account pursuant to La. Rev. Stat. § 9:2781, and unjust enrichment.[3] Young moved to dismiss 24/7's open account and unjust enrichment claims.[4] This Court concluded that 24/7

---

[1] R. Doc. No. 15.
[2] R. Doc. No. 14 (Amended Complaint), ¶¶ 6–7.
[3] R. Doc. No. 1, ¶¶ 18–31.
[4] R. Doc. No. 5.

had not adequately alleged its open account claim and granted 24/7 leave to amend its complaint regarding that claim; it also denied Young's motion to dismiss the unjust enrichment claim.[5] 24/7 subsequently filed an amended complaint setting forth further allegations in support of its open account claim, and attaching the alleged agreement (the "Authorization") between the parties. Young has now filed a motion re-urging dismissal of the open account claim.

## II.   STANDARDS OF LAW

### a.   Dismissal for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d

---

[5] R. Doc. No. 11.

2

631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court may also consider "any documents attached to or incorporated into the plaintiff's complaint by reference." *PS Bus. Mgmt. v. Fireman's Fund Ins. Co.*, No. 21-1229, 2021 WL 4989870, at *2 (E.D. La. Oct. 27, 2021) (Feldman, J.) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)); *accord Brown v. Alixa-RX*, No. 22-40160, 2022 WL 4594188, at *2 (5th Cir. Sept. 30, 2022) (per curiam) (unreported).

### III. ANALYSIS

#### a. Open Account

As discussed in the Court's previous order and reasons, Louisiana law defines an open account as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." La. Stat. Ann. § 9:2781(D). The Louisiana open account statute provides for the recovery of attorneys' fees by a plaintiff who prevails on a claim for failure to pay an open account. *Id.* § 9:2781(A). Since the open account statute imposes attorneys' fee awards as a

penalty, it must be strictly construed. *Ormet Primary Aluminum Corp. v. Ballast Techs. Inc.*, 436 F. App'x 297, 300–01 (2011).

The determination of whether an agreement falls under the open account statute often depends on "questions of an agreement's determinacy." *Wood Materials LLC v. Berkley Ins. Co.*, No. 17-10955, 2018 WL 560473, at *3 (E.D. La. Jan. 24, 2018) (Africk, J.). In contrast to a standard contract, an open account "generally leaves undetermined key aspects of the obligation, such as the time period during which the services will be rendered or the total cost of the services for which a party may be liable." *Cong. Square Ltd. P'ship v. Polk*, No. 10-317, 2011 WL 837144, at *5 (E.D. La. Mar. 4, 2011) (Fallon, J.). The Fifth Circuit has noted that an undetermined total cost is "[a] hallmark of an open account." *Ormet Primary Aluminum Corp.*, 436 F. App'x at 301.

In its previous order and reasons, the Court noted that 24/7's complaint alleged certain features of an open account, including an open price term.[6] However, the Court concluded that 24/7 had not adequately alleged its claim pursuant to the open account statute, noting that the complaint did not state whether the alleged agreement between the parties defined how the cost of 24/7's services was to be calculated, whether it defined the scope of the work to be performed, or whether it set a timeframe for completion of the work.[7]

---

[6] *Id.* at 6.
[7] *Id.*

In its amended complaint, 24/7 has alleged that, at the outset, the parties did not know the scope of labor and supplies that would be necessary to complete the work, and that the timeframe and total cost were therefore left open.[8] It further alleges that the cost of the work was to be determined based on local market rates using Xactimate software, and that the costs "of each unit and item of mitigation services and supplies it provided . . . were calculated as the work progressed."[9] It further alleges that "the work to be done was left open for modification over the course of 24/7's work."[10]

As mentioned above, 24/7 also attached the Authorization to its complaint. That document provides few details about the arrangement between the parties. It does provide that "the total cost of cleaning and/or repairs shall be payable upon completion of the work."[11]

Young asserts that the Authorization that 24/7 attached to its amended complaint is "nothing more than a permission slip" and "no agreement at all."[12] Young further faults 24/7 for alleging facts in its complaint regarding the alleged agreement that are not reflected in the Authorization.[13] However, as 24/7 points out, the Court

---

[8] R. Doc. No. 14, ¶¶ 25–28.
[9] *Id.* ¶ 31.
[10] *Id.* ¶ 33.
[11] R. Doc. No. 14-1.
[12] R. Doc. No. 15-1, at 2. Young appears to suggest that there is not a valid contract between the parties. *Id.* (setting forth Louisiana law's requirements for contract formation). However, Young has not moved to dismiss 24/7's breach of contract claims.
[13] *Id.* at 6 (arguing that the Authorization does not support 24/7's allegation that costs were to be calculated using Xactimate and that the scope of the work was left open).

5

may, on a motion dismiss, consider attached materials *in addition to* the facts alleged in the complaint. *See, e.g.*, *Brown*, 2022 WL 4594188, at *2 ("For a Rule 12(b)(6) dismissal, we look to the allegations in the complaint *and* attached documents to determine whether the complaint [is sufficient]." (emphasis added)). The Authorization does not state, and 24/7 does not allege, that the Authorization contained all the terms of parties' agreement. Therefore, the fact that not all of 24/7's allegations are reflected in the Authorization is not determinative.

Turning to 24/7's allegations, the Court determines that 24/7 has pleaded sufficient factual matter, which the Court takes as true at this stage, to avoid dismissal of its open account claim. 24/7 specifically alleges that, at the time of the Authorization, the scope of required labor and supplies,[14] the time necessary to complete the work,[15] and the total cost of the services[16] were unknown. 24/7 further alleges that the cost of services was to be calculated as the work progressed,[17] and that the scope of the work to be done was left open to modification, and that it was in fact modified as the work progressed.[18] The Authorization further sets out an interest rate of 18% for late payments, which the Fifth Circuit has found relevant to and supportive of a determination of an open account. *Ormet Primary Aluminum Corp.*, 436 F. App'x at 301 ("The account in question here was left open or undetermined

---

[14] R. Doc. No. 14, ¶ 25
[15] *Id.* ¶ 26
[16] *Id.* ¶ 29.
[17] *Id.* ¶ 30.
[18] *Id.* ¶ 33.

6

because the total amount depended on how long Ballast should delay payment to Ormet and how much interest would accrue.").

In sum, 24/7 has alleged that the time period, the scope, and the total cost of the services to be rendered was left open. *Cong. Square Ltd. P'ship*, 2011 WL 837144, at *5; *Ormet Primary Aluminum Corp.*, 436 F. App'x at 301. 24/7 has further alleged that it engaged labor and purchased supplies to complete that work, and that Young was to pay for those on completion of the project. *See Hayes v. Taylor*, 812 So.2d 874, 878 (La. Ct. App. 2002) ("A contractor relationship in which the contractor 'purchase[s] all of the materials and perform[s] the labor necessary' and sends a bill upon completion can fall under the open account statute."); *accord SBL Constr., LLC v. Eymar*, 289 So.3d 1079, 1082 (La. Ct. App. 2019) (citing *R.L. Drywall, Inc. v. B&C Elec., Inc.*, 2013-1592, 2014 WL 3559390, at *1 (La. Ct. App. May 2, 2014)). These facts, taken as true, are sufficient to state a claim that Young is liable to 24/7 pursuant to the Louisiana open account statute.

Accordingly,

**IT IS ORDERED** that Young's motion to dismiss 24/7's open account claim is **DENIED**.

New Orleans, Louisiana, November 18, 2022.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　**LANCE M. AFRICK
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE**